**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JESUS SANTIAGO,

    Plaintiff,

v.

Case No. 15-cv-517-NGG-RER

CITY OF NEW YORK, *et al.*,

    Defendants.

_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT .............................................................................................. 1

BACKGROUND ...................................................................................................................... 1

DISCUSSION ........................................................................................................................... 2

    Plaintiff Properly Claimed Deprivation of Civil Rights............................................... 2

    Defendants' Motion Should be Dismissed as Inappropriate ....................................... 3

    Plaintiff Filed and Served the Complaint within the Statute of Limitations ............... 3

    Plaintiff's *Monell* Claims Are Adequately Pleaded .................................................... 4

    Defendants' Motion Should Be Dismissed as Moot .................................................... 5

CONCLUSION ......................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Amnesty Am. v. Town of W. Hartford*,
   361 F.3d 113 (2d Cir. 2004) .................................................................................................. 5

*Barrow v. Wethersfield Police Department*,
   66 F.3d 466 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1995) ........................................ 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..................................................... 4

*Blyden v. Mancusi*,
   186 F.3d 252 (2d Cir. 1999) .................................................................................................. 2

*Byrd v. Abate*,
   964 F. Supp. 140 (S.D.N.Y. 1997) ........................................................................................ 3

*Dayton v. City of Middletown*,
   786 F. Supp. 2d 809 (S.D.N.Y. 2011) ................................................................................... 4

*Farmer v. Brennan*,
   511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) ..................................................... 2

*Fiacco v. Rensselaer*,
   783 F.2d 319 (2d Cir. 1986) ............................................................................................. 4, 5

*Hogan v. Fischer*,
   738 F.3d 509 (2d Cir. 2013) .................................................................................................. 2

*Hudson v. McMillian*,
   503 U.S. 1 (1992) .................................................................................................................. 2

*Levantino v. N.Y. State Police*,
   56 F. Supp. 3d 191 (E.D.N.Y. 2014) ..................................................................................... 5

*Monell v. Dep't of Soc. Servs.*,
   436 U.S. 658 (1978) .............................................................................................................. 5

*Owens v. Okure*,
   488 U.S. 235 (1989) .............................................................................................................. 3

*Wilson v. Seiter*,
   501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) ..................................................... 2

**Statutes**

42 U.S.C. § 1983 ................................................................................................................... 3, 4, 5

42 U.S.C. § 1985 ......................................................................................................................... 1

42 U.S.C. § 1986 ................................................................................................................. 1

**Rules**

Fed. R. Civ. P. 12(c) .................................................................................................... 2, 3, 4

Fed. R. Civ. P. 56 ............................................................................................................... 4

**Constitutional Provisions**

United States Constitution, Eighth Amendment .............................................................. 2

## PRELIMINARY STATEMENT

Plaintiff Santiago brings this memorandum in response to Defendants' motion for dismissal pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Defendants violated Plaintiff's civil rights as described in the verified complaint, by *inter alia*, arresting Plaintiff without cause and causing severe injuries while Plaintiff was illegally incarcerated by Defendants. These claims were properly made in the initial Complaint, and will be reiterated in Plaintiff's First Amended Complaint. Therefore Defendants' motion for dismissal should be denied.

## BACKGROUND

As noted in the original complaint:

On February 8, 2012, in Brooklyn, New York, Santiago was assaulted by approximately twenty (20) New York Police Department officers. Santiago was severely injured as a result. Santiago was arrested and detained. He demanded medical attention and was transported to a hospital in Brooklyn where he received medical care. Santiago was released from custody from Precinct 77, Utica Avenue, Brooklyn, New York, on February 9, 2012.

(Complaint Dated February 3, 2015 at 2.)

Subsequent to this incident, Plaintiff Santiago has needed extensive medical care as a result of the injuries sustained while in NYPD custody.

Because of these events, Plaintiff has filed suit before this court. The counts in the complaint include deprivation of civil rights under 42 U.S.C. §§ 1983, 1985(3), and 1986. *Id.* at 4-5. The complaint was filed and served within the three-year statute of limitations. This fact is not in dispute. *See*, Defendants' Memorandum of Law at 2.

## DISCUSSION

Defendants move for dismissal under Fed. R. Civ. P. 12(c). Defendants posit that Plaintiff's complaint fails to state a plausible claim for relief. Specifically, Defendants claim that despite the facts alleged, there is nothing to sustain an action for deprivation of civil rights.

### Plaintiff Properly Claimed Deprivation of Civil Rights

Defendants claim "the complaint is devoid of factual allegations that would plausibly entitle Plaintiff to relief." (Memo at 3). Defendants state that the claims made by Plaintiff that he was falsely arrested, imprisoned, and assaulted are "conclusory allegations" *Id.* In a sense, this can be conceded, as allegations of deprivation of rights are sufficient. Further, upon discovery, Defendants will see that these injuries are not "merely speculative," and Plaintiff expects that the discovery produced by Defendants will also conclusively show the veracity of Plaintiff's allegations. *Id.* The Second Circuit has found that:

> To state an Eighth Amendment excessive force claim, an inmate must establish that the conduct alleged is "sufficiently serious" to reach constitutional dimensions. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). This inquiry is "context specific, turning upon 'contemporary standards of decency.'" *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999) (internal quotation marks omitted). While de minimis uses of force are "necessarily exclude[d] from constitutional recognition," *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010) (internal quotation marks omitted), "**when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated**. . . . whether or not significant injury is evident." Hudson [*v. McMillian*], 503 U.S. [1] at 9 [1992].

*Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (emphasis supplied).

Herein Plaintiff's claims of injuries requiring extensive medical attention, especially in light of the fact that no crime was committed, evidence this malicious and sadistic use of force. This level of injury indicates a Constitutional issue that shows a deprivation of Plaintiff's fundamental civil rights.

2

**Defendants' Motion Should be Dismissed as Inappropriate**

A dismissal under Fed. R. Civ. P. 12(c) requires that "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Here, because this motion is contemporaneous with the Plaintiff's motion to amend the complaint, and the pleadings are thusly not closed.

**Plaintiff Filed and Served the Complaint within the Statute of Limitations**

Defendants claim that the 1983 claims must be dismissed because the claims were made against "John Doe" officers and are thus untimely. *Id.* at 4.

The state claims are then brought in under the three-year statute of limitations. *Owens v. Okure*, 488 U.S. 235, 249-251 (1989) states, "where state law provides multiple statutes of limitations for personal injury actions, courts considering 42 U.S.C. § 1983 claims should borrow the general or residual statute for personal injury actions." Plaintiff's filing was thus timely and should not be dismissed.

John Doe defendants in 1983 matters are considered to be properly on notice. *Byrd v. Abate*, 964 F. Supp. 140, 145 (S.D.N.Y. 1997). *Byrd* distinguishes itself from *Barrow v. Wethersfield Police Department*, 66 F.3d 466 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1995), cited by Defendants in their motion to dismiss at 4. *Byrd*, like the case at bar, is a situation in which the plaintiff was unable to ascertain the defendant officer identities through no fault of his own. *Id.* Furthermore, "the allegations against the 'John Doe' defendant in the first complaint informed Corporation Counsel that the officer … during the incident would be a defendant in the suit." *Id.* at 146. The Defendant officers involved in the assault would certainly have known that they were likely to become defendants in this suit.

3

**Plaintiff's *Monell* Claims Are Adequately Pleaded**

Defendants assert that Plaintiff's *Monell* claims are inadequate for the same reason as the 1983 and personal injury claims, namely the inadequacy of "conclusory allegations."

It beggars disbelief that an unlawful arrest, incarceration, and an assault by numerous police officers would be in any way inadequate. Defendants cite to *Dayton v. City of Middletown*, 786 F. Supp. 2d 809 (S.D.N.Y. 2011), which states in relevant part:

> [T]he Supreme Court has emphasized that "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and that "**once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint**," *id.* at 563. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

(*Dayton* at 814, citing to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), citations in original, emphasis supplied)

Plaintiff clearly stated the facts in the original complaint. The facts supported are enough to state a claim to relief that is plausible on its face. Instead, Defendants argue that Plaintiff must show that there was evidence of "deliberate indifference." *Defendants' Memorandum of Law* at 9, citing to, *inter alia*, *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 128 (2d Cir. 2004). *Amnesty Am.* is a decision reviewing a motion pursuant to Fed. R. Civ. P. 56 filed by the Defendant town. The court ruled that there was such a standard in deciding the case itself on the merits, but it does not discuss what showing is necessary in a Rule 12 motion. *Id.* As the pleadings herein create such an issue of material fact, any decision on the merits of this case would be inappropriate at this time.

Further, in *Fiacco v. Rensselaer*, 783 F.2d 319, 326 (2d Cir. 1986), cited by *Amnesty Am* at 127, the court found in a review of a motion pursuant to Fed. R. Civ. P. 56 that:

> City was knowingly and deliberately indifferent to the possibility that its police officers were wont to use excessive force and that this indifference was demonstrated by the failure of the City defendants to exercise reasonable care in investigating claims of police brutality in order to supervise the officers in the proper use of force. We see no logical flaw in such a hypothesis, and we reject the notion advanced by the City defendants that a

4

municipality may not be held liable under § 1983 on the basis of a policy of deliberate indifference to the constitutional rights of persons within its domain.

The facts alleged in the complaint are demonstrative of such police brutality. That such events occurred is a *res ipsa loquitur* example of a *Monell* failure. *See*, *also*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), cited by *Fiacco* at 326.

Therefore, the court should look to the pleadings itself and the facts alleged. In light of the fact that there have been no findings as to the policies of the city itself at this point, dismissal would be inappropriate. *See*, *Amnesty Am.* at 125-127.

### Defendants' Motion Should Be Dismissed as Moot

Plaintiff has filed and served a motion to amend his compliant contemporaneously with this response to Defendants' motion. In granting Plaintiff's motion, this court may and should dismiss the Defendants' motion as moot. *See*, *e.g.*, *Levantino v. N.Y. State Police*, 56 F. Supp. 3d 191, 208 (E.D.N.Y. 2014). *Levantino* denied defendants, including the NY State Police, motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as moot in light of motion granted to plaintiff to amend plaintiff's complaint.

### CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss.

Dated: New York, New York
November 30, 2015

By:

    /s/
Robert L. Greenberg, Esq.
RG6043

5

                Robert L. Greenberg, P.C.
767 Third Avenue
24th Floor
New York, NY 10017
T (646) 360-0077
F (646) 328-4518
rgreenberg@RobertLGreenberg.com
*Attorney for Plaintiff*

Case 1:15-cv-00517-NGG-RER   Document 19   Filed 12/21/15   Page 10 of 10 PageID #: 93