UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
    JESUS SANTIAGO,

                    Plaintiff,                               **MEMORANDUM & ORDER**

                 -against-                                 15-CV-517 (NGG) (RER)

    CITY OF NEW YORK and JOHN DOES "1-20,"
    being the fictitious names of New York City
    Police Officers whose names are not known to
    Plaintiff, individually and in their official
    capacities.

                    Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

        On February 3, 2015, Plaintiff Jesus Santiago initiated this action against the City of New York (the "City") and certain unnamed New York City police officers (the "John Doe Defendants" or the "Officers") (collectively, the "Defendants") for violations of his civil rights pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986, and related state tort law. (Compl. (Dkt. 1).) The City moved to dismiss the Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Mot. to Dismiss (Dkt. 16)), and Plaintiff opposed the motion (Mem. in Opp'n ("Pl. Br.") (Dkt. 24)) and moved to amend the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure (Mot. to Amend Compl. (Dkt. 23); Mem. in Supp. ("Pl. Amend. Br.") (Dkt. 21)). By Order dated April 5, 2016, the court referred the Motion to Dismiss and the Motion to Amend to Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (See Apr. 5, 2014, Order.)

On September 6, 2016, Judge Reyes issued an R&R recommending that the court grant the City's Motion to Dismiss, deny Plaintiff's Motion to Amend, and dismiss the Complaint. (R&R (Dkt. 27) at 1.) Judge Reyes determined that Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff's state claims are time barred, and amendment of the Complaint would be futile because the statues of limitations governing Plaintiff's claims has expired and the amended pleading "does not related back to the original filing either under federal or state law." (Id. at 3-6.) Judge Reyes also found that amendment would be futile because the proposed Amended Complaint "does not allege any new facts or in any way seek to address the pleading defects in his original complaint." (Id. at 8.) Plaintiff subsequently filed objections to the R&R. (See R&R Obj. ("Pl. Obj.") (Dkt. 28).) For the reasons set forth below, the court OVERRULES Plaintiff's objections, ADOPTS IN FULL the R&R, GRANTS the City's Motion to Dismiss, DENIES Plaintiff's Motion to Amend, and DISMISSES the Complaint WITH PREJUDICE.[1]

I. **LEGAL STANDARD**

In reviewing a magistrate judge's R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. To obtain this de novo review, an objecting party "must point out the specific portions of the report and recommendation to which [that party] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed.

---

[1] Because the court overrules Plaintiff's objections, it need not wait for Defendants' responses to those objections before adopting the R&R in full.

R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002). Portions of an R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2. "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)). Finally, courts "ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776 (ENV) (RML), 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted), aff'd, 323 F. App'x 34 (2d Cir. 2009) (summary order); see also Allen v. United Parcel Serv., Inc., 988 F. Supp. 2d 293, 299 (E.D.N.Y. 2013).

## II. DISCUSSION

### A. Those Portions of the R&R to Which No Objections Were Made

In recommending that the City's 12(c) Motion be granted, Judge Reyes found inter alia that Plaintiff failed to adequately allege municipal liability against the City under Sections 1983, 1985(3) or 1986. (See R&R at 4.) Plaintiff has not objected to this portion of the R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 8 ("Any objections to the recommendations made in this Report must be filed . . . within fourteen (14) days of receipt hereof.").) Therefore, the court reviews this portion of the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159

3

(S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court adopts this portion of the R&R. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order).

### B. Plaintiff's Objections to the R&R

In support of his objections to the R&R, Plaintiff largely repeats the same arguments—in some instances, verbatim—that he originally made in opposition to the City's Motion to Dismiss and in support of his Motion to Amend the Complaint. First, he argues that his claims of injuries are sufficient to demonstrate that he was deprived of his civil rights: "Plaintiff's claims of injuries requiring extensive medical attention, especially in light of the fact that no crime was committed, evidence th[e] malicious and sadistic use of force. This level of injury indicates a Constitutional issue that shows a deprivation of Plaintiff's fundamental civil rights." (Pl. Obj. at 4; Pl. Br. at 2). Judge Reyes found, however, that "Santiago's conclusory statements fail to satisfy the pleading standard for claims pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1986." (R&R at 4.) Second, Plaintiff argues that his state law claims are timely because "courts considering 42 U.S.C. § 1983 claims should borrow the general or residual statute for personal injury actions." (Pl. Obj. at 5; Pl. Br. at 3). Judge Reyes directed addressed and rejected this argument in the R&R: "Santiago is wrong. While federal civil rights claims are governed by a state's general statues of limitations, where a complaint also alleges violations of state law, the state claims must meet their specific statutory requirements . . . . Santiago has failed to comply with N.Y. Gen. Mun. L. §§50-e and 50i, and therefore his state law claims must be dismissed." (R&R at 6 (citing Stewart v. Shiro, No. 13-CV-3613 (NGG) (VMS), 2015 WL 1854198 at *17 (E.D.N.Y. Apr. 22, 2015)).) Finally, Plaintiff avers that the facts alleged in the Complaint provide sufficient notice to the John Doe Defendants so as to allow the proposed amended complaint to "relate back" to the original Complaint: "John Doe defendants in 1983 matters are considered to be properly on notice . . . . The Defendant officers involved in the assault would

4

certainly have known that they were likely to become defendants in this suit." (Pl. Obj. at 5; Pl. Br. at 3; Pl. Amend. Br. at 3; see also Pl. Obj. at 3-4 (reasoning that the detailed nature of the Complaint provided notice of the identity of the John Doe officers: "On February 8, 2012, there realistically could not have been many people named Jesus Santiago that were arrested and detained in Brooklyn, New York; there was probably only the Plaintiff. The 77th Precinct comprises a specific geographic region within Brooklyn, and it is a near certainty that there was only one Jesus Santiago arrested in that precinct. Furthermore, of those, only one could have also been detained, beaten, and then released.").) Judge Reyes specifically found that the Complaint did not provide sufficient notice to the John Doe Defendants to meet the requirements for relation back under N.Y. C.P.L.R. § 1024 or Rule 15 of the Federal Rules of Civil Procedure because the Complaint "only indicates that a group of twenty officers engaged in unspecified actions, somewhere in Brooklyn, at some time on February 8, 2012" and "[n]o description of the Officers is provided, let alone a sufficient one, nor is any indication given of why Santiago was arrested." (R&R at 7.) The court considers these arguments, which Plaintiff made in front of Judge Reyes and which he repeats now in objection to the R&R, and reviews these portions of the R&R for clear error, and finds none. See Pall Corp., 249 F.R.D. at 51 (holding that when a party "simply reiterates his original arguments," the court reviews a magistrate judge's report and recommendation for clear error rather than conducting a de novo review).

Plaintiff also states in his objections that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." (Pl. Obj. at 4 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).) It is unclear whether Plaintiff made this same argument

in opposition to the City's Motion to Dismiss,[2] requiring clear error review, see Pall Corp., 249 F.R.D. at 51, or whether this constitutes a new argument that Plaintiff could have raised before Judge Reyes but chose not to, in which case the court need not consider it, see Kennedy, 2006 WL 3704784, at *1. Out of an abundance of caution, the court considers this argument, and reviews this portion of the R&R for clear error, and finds none.

Even under a more probing de novo review, the court finds Plaintiff's argument to be without merit. While it is true that detailed factual allegations are not required at the pleading stage, a plaintiff is required to plead "sufficient factual matter" which, when accepted as true, "state[s] a claim to relief that it plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (internal quotation marks omitted) (citing Twombly, 550 U.S. at 570). Plaintiff's claims do not state civil rights claims that are "plausible on [their] face." Id. Plausibility "is not akin to a 'probability requirement,'" but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (quoting Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[M]ere 'labels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action will not do'; rather, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (emphasis in original) (quoting Twombly, 550 U.S at 555). Plaintiff alleges that the Officers assaulted him (see Compl. ¶ 9), but assault is a legal conclusion. He has failed to plead facts describing the Officers' actions in support of this legal conclusion. Plaintiff also claims the Officers arrested

---

[2] (See Pl. Br. at 2 ("Defendants state that the claims made by Plaintiff that he was falsely arrested, imprisoned, and assaulted are 'conclusory allegations' . . . . In a sense, this can be conceded, as allegations of deprivation of rights are sufficient.").)

and detained him (see id.), but arrest and detention, absent additional facts, do not constitute constitutional violations. Accordingly, Plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663.

Finally, Plaintiff adds a new argument in support of his claim that the court should overrule the R&R and grant his Motion to Amend the Complaint. He asserts that his efforts to identify and name the John Doe Defendants in the Complaint were "stymied by the late retaining of counsel in this matter and a lack of cooperation by the Defendants prior to the filing of the lawsuit." (Pl. Obj. at 6.) Because Plaintiff could have made this argument to Judge Reyes, and chose not to, the court need not consider it. See Kennedy, 2006 WL 3704784, at *1; Wesley v. Alexander, No. 99-CV-2168 (LAK) (MHD), 2005 WL 1352593, at *6 (S.D.N.Y. June 8, 2005) ("[T]he law is clear that when a dispositive motion is heard before a magistrate judge, the movant must make all . . . [its] arguments then and there, and cannot later add new arguments at subsequent stages of the proceedings."). Nonetheless, the court notes that even if it were obliged to consider Plaintiff's new argument, it would find it is without merit. Nothing in the briefing papers suggests that Plaintiff or his counsel attempted to ascertain the identities of the John Doe Defendants prior to the running of the statute of limitations.[3] (See also R&R at 7 ("Nothing in the record suggests that counsel ever sought the Officers' identities prior to the expiration of the limitations period or sought an extension of time to do so."); id. (noting Plaintiff's reliance on Byrd v. Abate, 964 F. Supp. 140 (S.D.N.Y. 1997), was "misplaced" given "the plaintiff there demonstrated that his attempts to identify the John Doe defendant prior to the running of the

---

[3] Plaintiff noted in his Motion to Amend that he filed the Complaint "shortly after securing counsel." (Pl. Amend. Br. at 1.) He does not, however, explain why his counsel failed to request an extension of time to name the proper defendants prior to the expiration of the statute of limitations.

statute of limitations were frustrated by the defendants").) The court thus rejects Plaintiff's new and conclusory argument.

### III. CONCLUSION

For the foregoing reasons, the court OVERRULES Plaintiff's objections, ADOPTS IN FULL the R&R, GRANTS the City's Motion to Dismiss, DENIES Plaintiff's Motion to Amend, and DISMISSES the Complaint WITH PREJUDICE.

SO ORDERED.

Dated: Brooklyn, New York
September 2̲6̲, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge