# MANDATE

16-3586
*Santiago v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand seventeen.

PRESENT:
    BARRINGTON D. PARKER,
    SUSAN L. CARNEY,
        *Circuit Judges*,
    TIMOTHY C. STANCEU,
        *Chief Judge, U.S. Court of Int'l Trade.*\*

_____

JESUS SANTIAGO,

    *Plaintiff-Appellant*,

    v.        No. 16-3586

CITY OF NEW YORK,

    *Defendant-Appellee.*

JOHN DOES 1-20, *being the fictitious names of the New York City Police Officers whose names are not known to Plaintiff, individually and in their official capacities*,

    *Defendants.*

_____

\* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

| | |
|---|---|
| FOR APPELLANT: | Robert L. Greenberg, Robert L. Greenberg, P.C., New York, NY. |
| FOR APPELLEE: | Fay Ng, John Moore, Assistant Corporation Counsels *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 25, 2016 judgment of the District Court is **AFFIRMED**.

Jesus Santiago filed this civil rights action seeking to recover under various federal and state statutes for alleged injuries arising from a claimed assault by members of the New York City Police Department. The District Court, in a September 26, 2016 Memorandum and Order adopting the September 6, 2016 Report and Recommendation of the Magistrate Judge (Reyes, *M.J.*), granted the City's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and denied leave to amend pursuant to Federal Rule of Civil Procedure 15. Santiago challenges these rulings on appeal. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

Santiago first argues that the District Court erred in granting the City's motion for judgment on the pleadings. On *de novo* review, *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010), we agree with the District Court that Santiago's advancement of only conclusory allegations about the alleged assault requires dismissal of his complaint for failure to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Indeed, Santiago "concede[s]"—as he did in the District Court—that his complaint contains only conclusory allegations, but contends that no more is needed. Appellant's Br. 6. This argument misapprehends the law. *See Ashcroft v. Iqbal*, 556

U.S. 662, 681 (2009) (noting that "conclusory" allegations are "not entitled to be assumed true").

      Santiago also challenges the District Court's order denying his motion for leave to amend to substitute the names of specific police officers for the "John Does" pseudonym that he used in the complaint. Reviewing the order for abuse of discretion, *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224 (2d Cir. 2017), we find no such abuse here. We affirm that order substantially for the reasons stated by the District Court in its Memorandum and Order adopting the Magistrate Judge's Report and Recommendation. We note, in addition, that even had Santiago been permitted to substitute names of police officers for the pseudonym he initially used, his proposed amended complaint was insufficient in that it contained no additional factual allegations. Like Santiago's original complaint, as to which the District Court entered judgment on the pleadings, the proposed amended complaint contained solely conclusory allegations; denying leave to amend was proper for this reason as well. *See F5 Capital v. Pappas*, 856 F.3d 61, 90 (2d Cir. 2017) (upholding refusal to grant leave to amend where plaintiff "has not explained how it could amend the complaint to . . . survive a motion to dismiss").

      Finally, to the extent Santiago argues that, because he filed suit in federal court, his state law claims are not subject to dismissal for failure to comply with New York State's notice-of-claim requirement, N.Y. Gen. Mun. Law § 50-e, he is mistaken. *See Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) ("We start with the general rule that in a federal court, state notice-of-claim statutes apply to state-law claims." (emphasis omitted)).

      \* \* \*

      We have considered plaintiff's remaining arguments on appeal and conclude that they are without merit. The judgment of the District Court is **AFFIRMED**.

      FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

